# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| TROY WOMACK, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| | ) **COMPLAINT FOR** |
| LVNV FUNDING LLC, a Delaware | ) **VIOLATIONS OF THE FAIR** |
| Limited Liability Company; | ) **DEBT COLLECTION** |
| RESURGENT CAPITAL SERVICES | ) **PRACTICES ACT ("FDCPA")** |
| L.P., a Delaware Limited Partnership; | ) **AND GEORGIA'S FAIR** |
| PARNELL & PARNELL, P.A., an | ) **BUSINESS PRACTICES ACT** |
| Alabama Professional Association; | ) **("FBPA")** |
| THE FULLER LAW GROUP, LLC, | ) **JURY TRIAL DEMANDED** |
| a Georgia Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") AND GEORGIA'S FAIR BUSINESS PRACTICES ACT ("FBPA")

COMES NOW Troy Womack, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act ("FDCPA") against LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES L.P., PARNELL & PARNELL, P.A., and THE FULLER LAW GROUP, LLC, as well as Georgia's Fair Business Practices Act ("FBPA")

against LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES L.P., and PARNELL & PARNELL, P.A.:

## Introduction

1.

Plaintiff Troy Womack, through his counsel, brings this action to challenge the acts of Defendant LVNV FUNDING LLC, Defendant RESURGENT CAPITAL SERVICES L.P., Defendant PARNELL & PARNELL, P.A., and Defendant THE FULLER LAW GROUP LLC, regarding their attempts to unlawfully, misleadingly, and abusively attempt to collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## Jurisdiction and Venue

### 4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* ("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

### 5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

### 6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendant LVNV FUNDING LLC regularly transacts business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, Defendants' actions specifically targeted Plaintiff within the State of Georgia, Defendant THE FULLER LAW GROUP LLC is located within the State of Georgia, and

Defendant RESURGENT CAPITAL SERVICES L.P. has a registered agent within the State of Georgia.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, targeted Plaintiff who is a resident of this District, Defendant THE FULLER LAW GROUP LLC has a principal place of business within this district, and Defendant RESURGENT CAPITAL SERVICES L.P.'s registered agent in Georgia is located within this District.

**PARTIES**

8.

Plaintiff TROY WOMACK is a natural person who is a resident of Gwinnett County, Georgia.

9.

LVNV FUNDING LLC ("LVNV FUNDING") is a Limited Liability Company organized under the laws of the State of Delaware that regularly does business within the State of Georgia, and in particular Fulton County, conducts business within the State of Georgia.

4

10.

LVNV FUNDING LLC has a registered agent named CORPORATION SERVICE COMPANY located at 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808, in New Castle County, Delaware, and what appears to be a principal place of business at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113, according to LVNV FUNDING LLC's registration with the Secretary of State of North Carolina (search function available at: https://www.sosnc.gov/online_services/search/by_title/_Business_Registration).

11.

Defendant LVNV FUNDING LLC is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

12.

Defendant LVNV FUNDING LLC is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13.

As an example, Defendant LVNV FUNDING LLC filed 237 lawsuits against consumers in attempts to collect debts in the Magistrate Court of Gwinnett County, Georgia, from January 1, 2018, to May 3, 2018, according to the Gwinnett County Courts website. (Available at https://www.gwinnettcourts.com/, entering "LVNV Funding LLC" into the name field.)

14.

Defendant LVNV FUNDING LLC can be served through its registered agent, CORPORATION SERVICE COMPANY located at 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808, or by service on an officer or director of the company at its principal place of business located at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113.

15.

RESURGENT CAPITAL SERVICES L.P. ("RESURGENT CAPITAL") is a Limited Partnership organized under the laws of the State of Delaware who regularly does business within the State of Georgia.

16.

RESURGENT CAPITAL SERVICES L.P. has a registered agent named Corporation Service Company located at 40 Technology Pkwy

South, #300, Norcross, GA, 30092, and a principal place of business at 55 Beattie Place, Suite 110, GREENVILLE, SC, 29601.

17.

Defendant RESURGENT CAPITAL SERVICES L.P. is a debt collector as it and its agents use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18.

Defendant RESURGENT CAPITAL SERVICES L.P. is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19.

The individuals, employees, records custodians, officers, directors, and other individuals who attempt to collect debts on behalf of Defendant LVNV Funding LLC, who manage the operations of Defendant LVNV Funding LLC, and who engage in debt collection activities on behalf of Defendant LVNV Funding LLC are employees or agents of Defendant RESURGENT CAPITAL SERVICES L.P.

20.

Defendant RESURGENT CAPITAL SERVICES L.P. can be served through its registered agent, Corporation Service Company located at 40 Technology Pkwy South, #300, Norcross, GA, 30092, or by service on an employee of managerial status, officer, director, or partner, at its principal place of business located at 55 Beattie Place, Suite 110, GREENVILLE, SC, 29601.

21.

THE FULLER LAW GROUP LLC is a limited liability company organized under the laws of the State of Georgia.

22.

THE FULLER LAW GROUP LLC has a registered agent named MARCIA GUINYARD located in Fulton County, Georgia, at 1100 SPRING STREET, NW, SUITE 730, ATLANTA, GA, 30309, and a principal place of business at the same location.

23.

Defendant THE FULLER LAW GROUP LLC is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24.

Defendant THE FULLER LAW GROUP LLC hires out its offices, employees, and attorneys to Defendant PARNELL & PARNELL P.A. for the purpose of engaging in debt collection within the State of Georgia without Defendant PARNELL & PARNELL P.A. registering to do business within the State of Georgia, obtaining offices within the State of Georgia, or directly hiring attorneys or employees to operate within the State of Georgia.

25.

Defendant THE FULLER LAW GROUP LLC can be served through its registered agent, MARCIA GUINYARD located at 1100 SPRING STREET, NW, SUITE 730, ATLANTA, GA, 30309, or by service on an officer or director of the company, or one of its members, at its principal place of business located at 1100 SPRING STREET, NW, SUITE 730, ATLANTA, GA, 30309.

26.

PARNELL & PARNELL P.A. is a Professional Association organized under the laws of the State of Alabama and who regularly targets residents of the State of Georgia with debt collection activities, including the filing and maintenance of lawsuits on behalf of clients to collect debt.

27.

PARNELL & PARNELL P.C. has a registered agent named Charles N. Parnell III located in Montgomery County, Alabama, at 641 SOUTH LAWRENCE STREET MONTGOMERY, AL 36104, and a principal place of business at 641 SOUTH LAWRENCE STREET MONTGOMERY, AL 36104.

28.

PARNELL & PARNELL P.A. does not have a registered agent or office within the State of Georgia according to the Georgia Secretary of State's website.

29.

Upon information and belief, PARNELL & PARNELL P.A. does not maintain a place of business within the State of Georgia.

30.

Upon information and belief, PARNELL & PARNELL P.A. does not keep assets within the State of Georgia.

31.

Upon information and belief, PARNELL & PARNELL P.A. has no attorneys licensed to practice law within the State of Georgia.

32.

Upon information and belief, PARNELL & PARNELL P.A. hires Georgia attorneys on contract while these contract attorneys run and operate their own law firms separately from PARNELL & PARNELL P.A.

33.

Upon information and belief, PARNELL & PARNELL P.A. does not engage in the provision of legal services to clients within the State of Georgia, but instead contracts with outside counsel to do so by engaging in commercial or entrepreneurial activity through the leasing out of its letterhead to third party lawyers and law firms in the business of debt collection who are authorized to practice law in Georgia.

34.

Defendant PARNELL & PARNELL P.A. is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

35.

Defendant PARNELL & PARNELL P.A. is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

36.

Charles N. Parnell III located in Montgomery County, Alabama, at 641 SOUTH LAWRENCE STREET MONTGOMERY, AL 36104, and a principal place of business at 641 SOUTH LAWRENCE STREET MONTGOMERY, AL 36104

37.

Defendant PARNELL & PARNELL P.A.  can be served through its registered agent, Charles N. Parnell III, located at 641 SOUTH LAWRENCE STREET MONTGOMERY, AL 36104, or by service on an officer or director of the company, or one of its members, at its principal place of business located at 641 SOUTH LAWRENCE STREET MONTGOMERY, AL 36104.

**STANDING**

38.

Plaintiff has suffered an injury in fact as a result of Defendants' violations of the FDCPA.

39.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way.

40.

Specifically, Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

41.

Defendants' violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

42.

Plaintiff's injury caused by Defendants' violations of the FDCPA is concrete and actually exists.

43.

Defendants' violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

44.

The FDCPA statutorily creates Plaintiff's right to true and accurate information as well as a private right of action to enforce this statutorily created right to be provided true and accurate information.

45.

The FDCPA's statutorily created rights go beyond the right to just information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

46.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

47.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

## FACTUAL BACKGROUND

48.

Plaintiff TROY WOMACK is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged is obligated to pay a consumer debt (the "Alleged Debt").

49.

Defendants have attempted to collect an Alleged Debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt are, according to Defendants' own documentation, for primarily personal, family, or household purposes.

50.

The Alleged Debt consists of a consent judgment entered against Plaintiff in Gwinnett County Magistrate Court for a defaulted personal credit card account against a third party, Arrow Financial Services LLC.

51.

Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail.

52.

The principal purpose of Defendants' business is the collection of debts, such as the Alleged Debt.

*Service of Alleged Garnishment Documents*

53.

Defendants sent to Plaintiff and Plaintiff's employer documents alleging to be a garnishment filed in Gwinnett County Magistrate Court.

54.

The alleged garnishment documents did not contain a case number.

55.

The alleged garnishment documents included an "Affidavit of Garnishment" alleged to be signed by Marcia Guinyard.

56.

The alleged notary claims to be Hannah Boggs Coker, who claims to be a notary in the State of Alabama.

57.

Upon information and belief, the affidavit was not signed by Marcia Guinyard in the State of Alabama.

58.

Upon information and belief, the affidavit was not signed in front of Hannah Boggs Coker.

59.

Upon information and belief, the alleged Marcia Guinyard did not sign the affidavit.

60.

The affidavit is dated 19 December 2018.

61.

The alleged garnishment documents also include an alleged summons of continuing garnishment.

62.

The alleged summons of continuing garnishment has not been signed by a judge of the Gwinnett County Magistrate Court.

63.

The alleged summons of continuing garnishment has not been signed by the Clerk of the Gwinnett County Magistrate Court.

64.

The alleged summons of continuing garnishment has not been signed by a Deputy Clerk of the Gwinnett County Magistrate Court.

65.

Upon information and belief, the Summons of Continuing Garnishment is invalid as it has not been properly executed by court personnel and contains no signatures.

66.

The garnishment is in the name of Defendant LVNV Funding LLC, but to the best of Plaintiff's knowledge he owes no money to Defendant LVNV Funding LLC.

67.

The garnishment references case number 09-M-12641 in Gwinnett County Magistrate Court.

68.

The case in Gwinnett County Magistrate Court with case number 09-M-12641 does not involve LVNV Funding LLC, but rather involves Arrow Financial Services LLC.

69.

Nothing in the alleged garnishment or within the court record of case number 09-M-12641 indicates that the consent judgment was assigned to LVNV Funding LLC.

70.

Upon information and belief, the amount claimed to be owed in the alleged garnishment documents is false, misleading, or deceptive.

71.

Upon information and belief, the amount claimed in the alleged garnishment documents is incorrect per the terms of the consent judgment, and Defendants are attempting to collect an improper amount.

72.

Upon information and belief, Defendants have improperly calculated post-judgment interest in the amount claimed in the alleged garnishment documents by applying the wrong interest rate.

73.

Upon information and belief, Defendants have improperly calculated post-judgment interest in the amount claimed in the alleged garnishment documents by seeking interest on interest in violation of Georgia law.

74.

Upon information and belief, Defendants have improperly calculated post-judgment interest in the amount claimed in the alleged garnishment documents by seeking interest on amounts other than the judgment principal in violation of Georgia law.

*Plaintiff's Damages Suffered As A Result Of Defendants' Actions In Violation Of The FDCPA*

75.

Defendants' actions caused Plaintiff to suffer damages in the form of stress, anxiety, and emotional distress relating to Defendants' actions in violation of the FDCPA.

76.

Defendants' actions caused the improper disclosure of an alleged debt to third parties, including Plaintiff's employer, in a form not allowed or permitted by law but that caused Plaintiff to suffer embarrassment and garden variety emotional distress.

77.

Defendants' actions caused Plaintiff to have to intervene with his employer to avoid wages being improperly withheld as a result of Defendants' communication of the improper garnishment to Plaintiff's employer.

78.

Defendants' actions caused Plaintiff to incur legal costs in responding to the false garnishment documents by having to hire legal counsel to the amount of $750.00.

79.

Defendants' actions caused Plaintiff to suffer damages in the form of garden variety emotional distress and the incurring of attorneys' fees in for responding to the gales garnishment as a result Defendants' actions in violation of the FDCPA in an amount to be shown with more particularity at a later date, but not for less than $750.00.

**FIRST CAUSE OF ACTION**

**(Violations of the FDCPA by Defendant)**

80.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81.

Based on information and belief, Defendants have violated the Fair Debt Collection Practices Act ("FDCPA").

COUNT 1

*False Representation of Alleged Garnishment Documents*

*As Legal Service*

82.

Defendants sent both Plaintiff and his employer documents which claimed to be legal service of a garnishment in Gwinnett County Magistrate Court.

83.

The documents Defendants sent to Plaintiff and his employer include an alleged summons of garnishment that was not signed by any court personnel as required by Georgia law and was therefore invalid.

84.

The Gwinnett County Magistrate Court has no record of a garnishment being filed against Plaintiff by Defendants.

85.

Defendants' actions caused Plaintiff to suffer harm in the form of garden-variety emotional distress and to incur legal fees to address the invalid and improper garnishment.

86.

Defendants' actions are in violation of the FDCPA's prohibition against "[t]he false representation or implication that documents are legal process." Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(13).

87.

Defendants' actions are in violation of the FDCPA's prohibition against "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(9).

88.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

89.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## COUNT 2

*Defendants' Improper Communication With A Third Party*

90.

The garnishment documents sent by Defendants to Plaintiff's employer were not valid or proper garnishment documents.

91.

Defendants communicated with Plaintiff's employer in connection with an attempt to collect the Alleged Debt without the prior consent of Plaintiff.

92.

Defendants communicated with Plaintiff's employer in connection with an attempt to collect the Alleged Debt without the express permission of a court of competent jurisdiction.

93.

Defendants communicated with Plaintiff's employer in connection with an attempt to collect the Alleged Debt in a way that was not reasonably necessary to effectuate a post-judgment judicial remedy, as the communication was in the form of an improper, invalid set of garnishment documents.

94.

Defendants' actions caused Plaintiff to suffer harm in the form of garden-variety emotional distress and to incur legal fees to address the invalid and improper garnishment.

95.

Defendants' actions are in violation of the FDCPA's prohibition against contacting third parties in connection with the collection of the any debts, including the Alleged Debt in this case.   Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b).

96.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## COUNT 3

*Defendants False Affidavit*

97.

The alleged Affidavit of Garnishment sent to Plaintiff and his employer was false, misleading, or deceptive in numerous ways.

98.

The alleged Affidavit of Garnishment also amounts to an unfair or unconscionable means of attempting to collect the Alleged Debt.

99.

The Affidavit of Garnishment claims Defendant LVNV Funding LLC has the right to try and collect the Alleged Debt, but the Alleged Debt is not in the name of Defendant LVNV Funding LLC and no documents from Defendants show LVNV Funding LLC has the right to the Alleged Debt.

100.

The alleged Affidavit of Garnishment was notarized by an Alabama Notary, but on information and belief it was not signed in Alabama but was rather signed in Georgia.

101.

The alleged Affidavit of Garnishment, if not signed in Alabama, was improperly notarized by an Alabama notary in the State of Georgia rather than a Georgia notary.

102.

The alleged Affidavit of Garnishment, upon information and belief, was not signed by the alleged affiant in front of the alleged notary.

103.

The alleged Affidavit of Garnishment, upon information and belief, was not signed by the alleged affiant.

104.

The alleged Affidavit of Garnishment claims it was made upon the personal knowledge of the affiant, but upon information and belief the affiant had no personal knowledge of the claims in the affidavit.

105.

The alleged Affidavit of Garnishment, upon information and belief, claims Plaintiff owes an amount that is incorrect.

106.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

107.

Specifically, but without limitation, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt

collector for the collection of a debt." Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2).

108.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

109.

Specifically, but without limitation, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1).

110.

More generally, Defendants' actions in sending a false affidavit to Plaintiff and his employer constitute false, misleading, or deceptive statements in an attempt to collect a debt that almost resulted in Plaintiff's employer improperly withholding his wages, and these actions also constitute an unfair and unconscionable means of attempting to collect the Alleged Debt.

111.

Defendants' actions caused Plaintiff to suffer harm in the form of garden-variety emotional distress and to incur legal fees to address the invalid and improper garnishment.

112.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

COUNT 4

*Attempting to Collect A Debt Not Owned*

113.

Defendants sent Plaintiff and his employer the alleged garnishment documents attempting to collect for Defendant LVNV Funding LLC a debt owed not to LVNV Funding LLC but, rather, owed to Arrow Financial Services LLC per the consent judgment.

114.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in

connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

115.

Specifically, but without limitation, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2).

116.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

117.

Specifically, but without limitation, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1).

118.

Defendants' actions caused Plaintiff to suffer harm in the form of garden-variety emotional distress and to incur legal fees to address the invalid and improper garnishment.

119.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## SECOND CAUSE OF ACTION
### (Violations of Georgia's Fair Business Practices Act by Defendant LVNV Funding LLC and Defendant Resurgent Capital Services, L.P.)

120.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

### *COUNT 4*
*Violations of Georgia's FBPA – Legal Remedy and Damages*

121.

Based on the foregoing, Defendants LVNV FUNDING LLC and RESURGENT CAPITAL SERVICES L.P. have violated Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

122.

Defendants' actions constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and therefore violate Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

123.

Defendants' actions violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., as detailed above.

124.

Courts have recognized that violations of the Fair Debt Collection Practices Act ("FDCPA") are also violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. *See 1ST Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60, 654 S.E.2d 428, 430-31 (2007).

125.

Defendants' actions in violation of the FDCPA, and therefore in violation of Georgia's FBPA, were intentional in nature and part of a business model designed to collect debts based on false, misleading, deceptive, unfair, unconscionable, abusive, harassing, and oppressive collection practices.

126.

Defendant RESURGENT CAPITAL SERVICES L.P. does not maintain a place of business and does not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendant RESURGENT CAPITAL SERVICES L.P. in this lawsuit.

127.

Defendant LVNV FUNDING LLC does not maintain a place of business and does not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendant LVNV FUNDING LLC in this lawsuit.

128.

Plaintiff seeks actual damages from Defendants for the mental and emotional distress caused by Defendants' actions in violation of the FDCPA and Georgia's FBPA, as well as other actual damages that may be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

129.

Plaintiff seeks exemplary damages, in the form of three times actual damages, against Defendants for their intentional and purposeful actions in

attempting to collect the Alleged Debt in violation of Georgia's Fair Business Practices Act. O.C.G.A. § 10-1-399(c).

130.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs for this action in accordance with O.C.G.A. § 10-1-399(d).

## COUNT 5

*Violations of Georgia's FBPA – Equitable Remedy and Injunction Against Resurgent Capital Services L.P. and LVNV Funding LLC*

131.

Pursuant to O.C.G.A. § 10-1-399(a), Plaintiff further seeks a permanent injunction against Defendant RESURGENT CAPITAL SERVICES L.P. and Defendant LVNV FUNDING LLC prohibiting Defendants from continuing to attempt to collect the Alleged Debt from Plaintiff.

132.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs for this action in accordance with O.C.G.A. § 10-1-399(d).

## FOURTH CAUSE OF ACTION
## (Punitive Damages Against Defendants)

133.

Upon information and belief, Plaintiff alleges that Defendants and their agents acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

## *COUNT 7*
## *Punitive Damages Under Georgia's FBPA*

134.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(c) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.

135.

Plaintiff alleges that Defendants' continued actions are intentional in nature and requests that this Court award Plaintiff exemplary damages in an

amount to be determined by the enlightened conscience of a jury pursuant to O.C.G.A. § 10-1-399(c).

## JURY DEMAND

136.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)    Find Defendants liable for violations of the Fair Debt Collection Practices Act as alleged above;

(2)    Award Plaintiff the full $1,000 statutory damages for each Defendant's FDCPA violations;

(3)    Award Plaintiff actual damages in an amount to be shown with more particularity at a later date, but not less than $750.00;

(4)    Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)    Find Defendant RESURGENT CAPITAL SERVICES L.P. and Defendant LVNV FUNDING LLC liable for actual damages in an amount to be shown with more particularity at a later date for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(6)    Find Defendant RESURGENT CAPITAL SERVICES L.P. and Defendant LVNV FUNDING LLC liable for exemplary damages in the amount of three times actual damages for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(7)     Award an injunction against Defendant RESURGENT
        CAPITAL SERVICES L.P. and Defendant LVNV FUNDING
        LLC barring Defendants from continuing to attempt to collect the
        Alleged Debt from Plaintiff pursuant to O.C.G.A. § 10-1-399(a);

(8)     Award Plaintiff reasonable attorney's fees and costs in
        accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d),
        for Defendant RESURGENT CAPITAL SERVICES L.P. and
        Defendant LVNV FUNDING LLC's violations of Georgia's
        Fair Business Practices Act;

(9)     Award Plaintiff punitive damages against Defendant
        RESURGENT CAPITAL SERVICES L.P. and Defendant
        LVNV FUNDING LLC in an amount to be determined by the
        enlightened conscious of a jury pursuant to O.C.G.A. § 10-1-
        399(c);

(10)    Award Plaintiff the reasonable costs of this action;

(11)    Award Plaintiff other expenses of litigation;

(12)    Grant Plaintiff such other and additional relief as the Court deems
        just and equitable.


Respectfully submitted this 20 November 2019.

                              /s/ John William Nelson
                              John William Nelson
                              State Bar No. 920108

                              *Attorney for Plaintiff*

                              The Nelson Law Chambers LLC
                              2180 Satellite Blvd, Suite 400
                              Duluth, Georgia 30097
                              Ph.    404.348.4462
                              Fax.   404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**     20 November 2019

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765